IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DERRICK ROBINSON                                                                                      PETITIONER

VERSUS                                                              CIVIL ACTION NO. 3:06cv615HTW-LRA

MISSISSIPPI STATE BOARD OF
PROBATION AND PAROLE,
Chairman and Members                                                                              RESPONDENTS

MEMORANDUM OPINION

This matter is before the court, sua sponte, for consideration of dismissal.  Petitioner, an inmate incarcerated at the Federal Correctional Institute (FCI), Waseca, Minnesota, filed this petition for habeas relief pursuant to 28 U.S.C. § 2241.

Background

Petitioner was convicted in Pike County, Mississippi, of false pretense and was sentenced to a term of three years with a concurrent two-year sentence and supervised probation for a period of five years.  The petitioner states that his probation began on June 21, 2001.  The petitioner claims that on March 23, 2006, with three months remaining to serve on probation, he received a detainer based on a probation violation charge.[1]  The petitioner argues that the detainer is insufficient to extend the trial court's jurisdiction beyond June 21, 2006, the date his probation was allegedly completed.  He further argues that he has not been given a timely probation revocation hearing which violates the provisions of the Interstate Agreement on Detainers as well

---

[1] According to the National Pacer Service, the petitioner was indicted on April 6, 2005, an arrest warrant was executed on April 18, 2005, and he was sentenced on January 19, 2006, by the United States District Court for Kansas to 24-months of imprisonment and one year of supervised release.  USA v. Robinson,  6:05cr10054-JTM-1 (D. Kan. Jan. 19, 2006).

as his right to due process. The petitioner argues that the Interstate Agreement on Detainers mandates that the "matter be disposed of swiftly within 180 days of the instant application . . . being presented and/or that this case be dismissed with prejudice." (Response [4-1] p. 2). According to the petitioner's complaint [1-1] and response [4-1], his motions requesting relief from the Circuit Court of Pike County have been rejected.[2] The petitioner further claims that the detainer has prevented him from being able to participate in a 500-hour Residential Drug Abuse program.

In the instant action, petitioner is seeking relief as follows: (1) that the detainer by the respondent be quashed; (2) that the detainer issued by Pike County, Mississippi, be quashed; (3) "reinstate the probation that petitioner allegedly violated as time served on June 21, 2006;" and (4) that the respondent and Pike County be instructed to lift the detainer and set a date for the revocation hearing on or about October 25, 2006.

## Analysis

The petitioner has filed this habeas petition pursuant to 28 U.S.C. § 2241 against the Mississippi State Board of Probation and Parole challenging a detainer[3] which has been lodged against him for violating his Mississippi probation while he serves his federal sentence. Under these circumstances, this court has jurisdiction to review this claim. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973).

---

[2] However, there is no indication that he has presented his claim to the Mississippi Supreme Court.

[3] "A detainer is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prison is imminent." Carchman v. New Jersey Department of Corrections, 473 U.S. 716, 720 (1985).

The petitioner's argument that the Interstate Agreement on Detainers mandates that a hearing concerning the violation of probation be held within 180 days of the application is without merit.  Initially, this Court finds that the state of Mississippi is not a member of the Interstate Agreement on Detainers.  See Smothers v. State, 741 So.2d 205 (Miss. 1999).  Even if the state of Mississippi was a member, the United States Supreme Court has held that the Interstate Agreement on Detainers does not apply to detainers based on probation-violation charges.  Carchman v. New Jersey Dept. of Corrections, 473 U.S. 716 (1985).  Additionally, there is "no constitutional duty to provide [a parolee] an adversary parole hearing until he is taken into custody as a parole violator by execution of [a] warrant."  Calloway v. District of Columbia Board of Parole, 103 Fed. Appx. 740 (4th Cir. 2004) (quoting Moody v. Daggett, 429 U.S. 78, 79 (1976)); see also Larson v. McKenzie, 554 F.2d 131, 132-33 (4th Cir. 1977)); Gaddy v. Michael, 519 F.2d 669, 677 (4th Cir. 1975).  Therefore, the petitioner has not presented a claim that his constitutional rights have been violated.  The petitioner may raise his claim that his probation period has been completely served at the probation revocation hearing.  Accordingly, he cannot maintain this habeas petition.

The petitioner's claim that the detainer has prevented him from being able to participate in the 500-hour Residential Drug Abuse program relates to the execution of his sentence, and as such, it must be presented to the district court where he is incarcerated.  See United States v. Cleto, 956 F.2d 83, 84 (5th Cir.1992) (A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241.).  Of course, the petitioner must exhaust his administrative remedies concerning his inability to participate in certain rehabilitation programs as set forth in 28 C.F.R. § 542 (1996).

<u>Conclusion</u>

This Court finds that the petitioner has failed to present a claim that his constitutional rights have been violated with regard to the respondent failing to hold a hearing or resolve the matter concerning the petitioner's probation violation while he is serving his federal sentence. Based on the foregoing, the petitioner is not entitled to habeas relief from this Court pursuant to 28 U.S.C. § 2241 concerning his probation violation hearing and the instant action shall be dismissed with prejudice. However, this court does not have the jurisdiction to decide the petitioner's claim concerning his inability to participate in the Residential Drug Abuse program. The petitioner may present that claim, after exhausting his administrative remedies, in the district court where he is incarcerated.

SO ORDERED, this the 23rd day of January, 2007.

s/ HENRY T. WINGATE
CHIEF UNITED STATES DISTRICT JUDGE


Civil Action No. 3:06cv615 HTW-LRA
Memorandum Opinion